Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| PATRICK WILLIAM SHELTON, | Case No. 2-19-bk-11147-BKM |
| and | **TRUSTEE'S RECOMMENDATION** |
| SUSAN ANN SHELTON, | Deadline is January 6, 2020 |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. JPMorgan Chase Bank has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

2. The secured debt to be paid to Desert Financial Credit Union is to be reduced to $8,211.38 as stated in the creditor's proof of claim, to be paid at the rate of 5% interest as stated in the Plan.

3. The Plan erroneously schedules Fidelity Brokerage Service 403b Loan as real property debt. The Plan shall be amended to remove this debt. Also, Schedule D shall be amended to remove Fidelity Brokerage Service 403b Loan

4. Based on a review of Epraisal and Zillow, it appears the value of the Debtors' residence is substantially understated. The Trustee requires Debtors to provide documents used to determine the value listed on the bankruptcy Schedules.

5. The Debtors schedule an interest in a pending personal injury claim. The Trustee requires information regarding the current status of the case, an estimate of the value of the claim, and the expected date when the case will be resolved. The Trustee advises the Debtors that any settlement is subject to Bankruptcy Court approval and that all or a portion of any settlement or recovery may be required to be turned over to the Trustee for the benefit of creditors. The Debtors' attorney must contact the Trustee's staff attorney, Rachel Flinn, to prepare an Application to Appoint Special Counsel. Finally, the proposed Order Confirming Plan must include a provision that any funds from the claim will be applied first to unsecured, priority claims, then to unsecured, nonpriority claims, then finally as advance Plan payments, but the term of the Plan will not be reduced to fewer than 36 months unless all claims are paid in full.

6. The Trustee objects to the Plan on the basis that the Debtors have failed to contribute the totality of their disposable income pursuant to 11 U.S.C. 1325(b)(1). Schedule J indicates that Debtors have disposable monthly income in the amount of $307.01. However, Form 122C indicates Debtors' Monthly Disposable Income is $7,345.14 or $440,708.40 over 60 months should be paid to unsecured. The Trustee requires the Debtors to provide a written explanation for the vast discrepancy between the monthly income disclosed on Schedule J and the disposable income as calculated on Form 122C. The Trustee further requires the Debtors to provide copies of their four

- 2 -

most recent and consecutive pay stubs in order to verify Schedule I and J. The Trustee acknowledges the Co-Debtor is no longer working her second job, Debtor has not worked at Mayo since July/August, and Debtors are now separated and living in separate households, however, the difference in disposable monthly income is substantial and further verification is required. The Trustee reserves the right to require Plan payments to increase in order to pay 100% of allowed unsecured claims.

7. The Trustee requires Statement of Financial Affairs be amended to complete #4 - 6.

8. The Stipulated Order Confirming Plan must state the correct plan payment start date of October 2, 2019.

9. Based on the 2018 tax returns, the Trustee anticipates tax refunds on Debtors' future tax returns. These funds represent disposable income. The Trustee requires Debtors to turnover the 2019 through 2023 net refunds within 14 days of receipt, to be applied as supplemental plan payments.

10. The Trustee is in the process of determining the true value of Debtors' assets. The Trustee notes that additional Plan yield may be required in order to satisfy the Best Interests of Creditors Test.

11. **PLAN PAYMENT STATUS:** The Debtors must cure the delinquency of $327.00 no later than January 5, 2020

12. **OTHER REQUIREMENTS:**

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to

- 3 -

the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2019 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of

- 4 -

the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office..

SUMMARY: Pursuant to Local Rule 2084-10(b), by January 6, 2020, Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Russell Brown
2019.12.05
18:12:01 -07'00'

Copy mailed or emailed to:
PATRICK WILLIAM SHELTON
SUSAN ANN SHELTON
5006 EAST NISBET ROAD
SCOTTSDALE, AZ 85254

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4602 E. THOMAS RD., SUITE S-9
PHOENIX, AZ 85028
TOM@NWRELIEF.COM

Digitally signed by Debra Toner
Date: 2019.12.06 08:55:08 -07'00'

*dtoner@ch13bk.com*

- 5 -