Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| PATRICK WILLIAM SHELTON, | Case No. 2-19-bk-11147-BKM |
| and | **TRUSTEE'S RECOMMENDATION ON FIRST AMENDED PLAN** |
| SUSAN ANN SHELTON, | Deadline is June 29, 2020 |
| Debtors. | |

The Trustee has reviewed the First Amended Plan, Schedules, and Statement of Financial Affairs.

1. Wells Fargo Bank has filed an objection to the First Amended Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

2. Secured creditor, JPMorgan Chase Bank filed an objection to the original plan. Though the amended plan revises treatment of the secured claim, the creditor's original objection is deemed to apply pursuant to 11 U.S.C. § 1323(c) since the objection has not been withdrawn. The secured

creditor must sign the order confirming first amended plan or file a withdrawal of the objection to confirmation.

3. The secured debt to be paid to Desert Financial Credit Union is to be reduced to $8,211.38 as stated in the creditor's proof of claim, to be paid at the rate of 5% interest as stated in the Plan.

4. The Trustee notes the First Amended Plan fails to list a reason for the amended plan and how the plan varies from the last Plan at the bottom of page 1. This information must be complete on any future amended plans or modificaitons.

5. Based on a review of Epraisal and Zillow, it appears the value of the Debtors' residence is substantially understated. The Trustee requires Debtors to provide documents used to determine the value listed on the bankruptcy Schedules.

6. The Debtors schedule an interest in a pending personal injury claim. The Trustee advises the Debtors that any settlement is subject to Bankruptcy Court approval and that all or a portion of any settlement or recovery may be required to be turned over to the Trustee for the benefit of creditors. The proposed Order Confirming Plan must include a provision that any funds from the claim will be applied first to unsecured, priority claims, then to unsecured, nonpriority claims, then finally as advance Plan payments, but the term of the Plan will not be reduced to fewer than 36 months unless all claims are paid in full.

7. The Trustee requires Statement of Financial Affairs be amended to complete #4 - 5.

8. The Trustee requires copies of two recent consecutive paystubs from each employed debtor to verify scheduled income, Plan payment feasibility and compliance with the disposable income utilization requirement of the Code.

9. Trustee objects to confirmation because this case should be a conduit (ongoing mortgage) case. Based on the proofs of claim filed by **Wells Fargo** and **JPMorgan Chase Bank**, the Debtors

are delinquent on pre-petition mortgage payments. The Debtors must file an amended plan including conduit mortgage payments or file a motion to waive conduit mortgage payments pursuant to L.B.R.P. 2084-4(b)(1) The creditor, Wells Fargo, has filed a proof of claim (clm #7) for arrears in the amount of $1,674.08 and creditor, JPMorgan Chase Bank has filed a proof of claim (clm #16) for arrears in the amount of $1,375.30. Pursuant to the Notice of Mortgage Payment Change filed by Wells Fargo Bank January 3, 2020, the amended Plan should provide for conduit mortgage payments to Wells Fargo bank in the amount of $1,661.54 per month beginning in Month 10 (July 2, 2020). Also, pursuant to the attachments to the proof of claim (clm #16) filed by JPMorgan Chase Bank, the amended Plan should provide for conduit mortgage payments in the amount of $670.88 per month beginning in month 10 (July 2, 2020).

10. The Trustee is in the process of determining the true value of Debtors' assets. The Trustee notes that additional Plan yield may be required in order to satisfy the Best Interests of Creditors Test.

11. **PLAN PAYMENT STATUS:** The Debtors must cure the delinquency of $806.00 no later than June 29, 2020.

12. The Trustee is **not** requesting a proposed order confirming plan until the above issues are resolved. After resolution, Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2019 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10(b), by June 29, 2020, Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

*R. Fl*

Rachel Flinn
Russell Brown, Chapter 13 Trustee; 3838 N. Central Ave., Ste. 800, Phoenix, AZ 85012
2020.05.28 16:03:11 -07'00'

Copy mailed or emailed to:

PATRICK WILLIAM SHELTON
SUSAN ANN SHELTON
5006 EAST NISBET ROAD
SCOTTSDALE, AZ 85254
PSHELTON12@COX.NET

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4602 E. THOMAS RD., SUITE S-9
PHOENIX, AZ 85028
TOM@NWRELIEF.COM

*dtoner*

Digitally signed by Debra Toner
Date: 2020.05.29 09:21:13 -07'00'

*dtoner@ch13bk.com*